UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20396-CR-MOORE
CASE NO. 12-20397-CR-MOORE

UNITED STATES OF AMERICA,

v.

MICHAEL A. HARRIS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION RE:
## PETITION FOR REVOCATION OF SUPERVISED RELEASE
## AND
## ORDER GRANTING UNOPPOSED MOTION TO SET CONDITIONS OF RELEASE

This matter arose on a Petition seeking revocation of the term of supervised release imposed on Defendant Michael A. Harris, ECF No. [213] in Case No. 12-20396-CR and ECF No. [115] in Case No. 12-20397-CR. The Honorable K. Michael Moore, Chief United States District Judge referred this matter to the undersigned Magistrate Judge to take all necessary and proper action with respect to any and all violations of supervised release, ECF No. [217] in Case No. 12-20396-CR and ECF No. [119] in Case No. 12-20397-CR.

Following a status and scheduling conference held on May 31, 2017, an evidentiary hearing was set for June 27, 2017. The Government was directed to file a memorandum of law if it sought to introduce hearsay testimony regarding statements made by the victim or any witnesses to the alleged violations. The Government thereafter filed a notice that it did not intend to elicit hearsay testimony.

As explained in more detail below, at the commencement of the evidentiary hearing, the Government moved to dismiss the Petition, stating that it did not have any evidence to present to support the alleged violations. Based on this motion, the Defendant made an ore tenus motion to set conditions of release to permit the Defendant

to be released from custody during the pendency of this matter. For the reasons stated below, the undersigned RECOMMENDS that the Petition be DISMISSED. In addition, the undersigned grants the Motion to set conditions of release.

I.  **BACKGROUND**

On December 7, 2012, in Case No. 12-20397-CR, Defendant Michael A. Harris, was sentenced to serve fifty-seven months of imprisonment, followed by a three-year term of supervised release based on his conviction for conspiracy to distribute MDMA; the term of imprisonment was subsequently reduced to 38 months, to run concurrently with Case No. 12-20396-CR, ECF No. [90]. On January 10, 2013, in Case No. 12-20396-CR, he was sentenced to serve seventy months of imprisonment, followed by a four-year term of supervised release based on his conviction for conspiracy to distribute 500 grams or more of cocaine; the term of imprisonment subsequently was reduced first to 46 months, and then to 37 months, ECF No. [129]. His period of supervision in both cases began on November 19, 2015, but it was revoked and, on June 29, 2016, he was sentenced to serve six months of imprisonment, followed by 30 months of supervised release, 12-20397-CR ECF No. [107] and 12-20396-CR ECF No. [186]. His current term of supervised release began on December 2, 2016.

II.  **THE PRESENTLY PENDING PETITION FOR REVOCATION**

The presently pending Petition for revocation of supervised release was filed on April 27, 2016, ECF No. [213].[1] The Petition alleged the following two violations:

> 1.  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 26, 2017, in Miami-Dade County, Florida the defendant committed the offense of Domestic Violence, contrary to Florida Statute 741.28.
>
> 2.  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 26, 2017, in Broward County, the

---

[1] Henceforth, references will be made only to entries in Case No. 12-20396-CR and the identical documents filed in Case No. 12-20397-CR will not be cited.

2

defendant committed the offense of Domestic Violence, contrary to Florida Statute 741.28.

At the initial status conference, the Government proffered that the basis for the alleged violations stemmed from a dispute between Mr. Harris and his former girlfriend, victim Chaunte Harris. The Government alleged that on March 26, 2017, the two of them were at a movie theater in Broward County and that Mr. Harris became intoxicated and attacked her in the car in the parking lot. Thereafter, according to the Government, Mr. Harris attacked her again after she arrived home. Two days later, she went to the Miami Gardens Police Department to report the above incidents, and they referred her to the Hollywood Police Department. There is a pending misdemeanor battery charge in Broward County, but Mr. Harris has not yet been arrested or appeared in Court on that charge.

Initially, the Government stated that it did not intend to call Ms. Harris as a witness, but would rely on her statements to the police and to the U.S. Probation Officer. The Defendant objected to the use of hearsay. Therefore, the undersigned ordered the Government to file a memorandum of law to support its use of hearsay, based upon the requirements of *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), ECF No. [222]. Thereafter, the Government filed a Notice that it did not intend to rely on hearsay, ECF No. [224]. An evidentiary hearing was set for June 27, 2017.

### III. THE EVIDENTIARY HEARING

At the commencement of the evidentiary hearing, the Government announced that it was not ready to proceed and requested that the Petition be dismissed since the victim-witness, Ms. Harris, had declined to testify because she did not want to disrupt her employment, and the Government had no evidence to present. The Government had not subpoenaed Ms. Harris to compel her appearance in Court. The U.S. Probation Officer concurred with the dismissal of the Petition.

**Defense counsel also concurred with the dismissal, stating that she had produced to the Government various text messages between Chaunte Harris and the Defendant, as well as video surveillance of events that had occurred at the movie theater. The text messages included photos of Ms. Harris with a gun, as well as threats to publish compromising photographs of the Defendant taken while he was sleeping. In addition, the video surveillance from the movie theater showed Ms. Harris attacking the Defendant, rather than the Defendant attacking Ms. Harris.**

**Defendant Harris has been held in detention since he was arrested on these violations. Based upon the Government's Motion to Dismiss the Petition, the Defendant requested that conditions of release be set, permitting Mr. Harris to be released either on his own recognizance, or on a personal surety bond. This request was unopposed. Therefore, the undersigned granted the motion for release on a $10,000.00 personal surety bond with the conditions that the Defendant comply with all existing conditions of supervision and that he have no contact with Ms. Chaunte Harris.**

**IV.     CONCLUSION**

**Based upon the foregoing, it is hereby**

**RECOMMENDED that the Petitions for Revocation of Supervised Release filed in Case No. 12-20396-CR, ECF No. {213] and Case No. 12-20397-CR, ECF No. [115] be DISMISSED. It is further**

**ORDERED that the unopposed *ore tenus* Motion to set conditions of release is granted. The Orders of Detention are vacated, and the Defendant shall be released on a $10,000.00 personal surety bond, with the special conditions that he avoid all contact with Chaunte Harris, and that he comply with all existing conditions of supervised release.**

The parties will have seven calendar days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. The parties agreed to this shortened time for objections. Any request for an extension of this deadline must be made within three calendar days from the date of this Order. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on June 27, 2017.

_____
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore, Chief United States District Judge
All counsel of record